**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHANNON FARLEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 26-CV-00562-GKF-JFJ |
| BOKF, NA, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Sever and Remand Count 6 [Doc. 3] of defendant BOKF, NA. For the reasons set forth below, the motion is granted.

## I. Background

This case arises from an employment dispute between plaintiff Shannon Farley and her former employer, BOKF. Ms. Farley originally filed this action in state court, asserting six claims against BOKF. [Doc. 2-1]. In her Complaint,[1] Ms. Farley alleges that BOKF employees harassed, failed to promote, and retaliated against her in violation of the Americans with Disabilities Act and the Oklahoma Anti-Discrimination Act and retaliated against her in violation of the Family and Medical Leave Act. [*Id.* at pp. 4–7, ¶¶ 38–83]. Finally, in Count 6, Ms. Farley alleges that BOKF employees retaliated against her for filing a workers' compensation claim. [*Id.* at p. 7, ¶¶ 84–89].

BOKF timely removed the case to federal court [Doc. 2], and filed a Motion to Sever and Remand Count 6, the workers' compensation retaliation claim. [Doc. 3]. Ms. Farley did not respond.

[1] For consistency with the Federal Rules of Civil Procedure, the court refers to the Petition filed in the District Court in and for Tulsa County as the Complaint.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The Tenth Circuit has adopted the following test to determine whether a claim qualifies as "arising under" a state's workers' compensation laws:

> where a state legislature enacts a provision within its workers compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies.

*Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (quoting *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995)).

Under that test, federal courts interpreting Oklahoma law have held that workers' compensation retaliation claims arise under Oklahoma's workers' compensation law. *Id.* at 1352–53. Accordingly, such claims are nonremovable under section 1445(c). *Id.; see Bivins v. Glanz*, No. 12-CV-103-TCK-FHM, 2012 WL 3136115, at **1-2 (N.D. Okla. Aug. 1, 2012) (holding plaintiff's workers' compensation retaliation claim nonremovable under section 1445(c)); *see also Thomas v. Snip N'Clip Haircut Shops, Inc.*, No. 17-CV-527-GKF-JFJ, 2017 WL 11473520, at *1 (N.D. Okla. Oct. 30, 2017) (holding plaintiff's claim brought under Oklahoma's Workers' Compensation Act, Okla. Stat. tit. 85a, § 7 was nonremovable under section 1445(c)).

When a nonremovable claim is asserted with removable claims, the removal statute provides a path forward for district courts. 28 U.S.C. § 1441(c). First, the statute outlines when a nonremovable claim may be removed. *Id.* § 1441(c)(1). It provides that:

> Removal of Civil Actions
>
> …

> (c) Joinder of Federal law claims and State law claims.--(1) If a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) … a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c)(1).

Next, the statute proscribes the required process when an otherwise properly removed action includes a nonremovable claim:

> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.

28 U.S.C. § 1441(c)(2).

When section 1441(c)(2) applies, "the Court has no discretion to remand federal claims that are joined with a statutorily nonremovable claim, such as a workers' compensation retaliation claim. Instead, the Court must sever and remand the nonremovable claim and retain all other removed claims that are within the Courts' original or supplemental jurisdiction." *Bivens,* 2012 WL 3136115, at *2; *Turbe v. Whirlpool Corp.*, No. 13–CV–0466–CVE–PJC, 2013 WL 5675958, at *2 (N.D. Okla. Oct. 18, 2013) ("The plain language of § 1441(c) requires the Court to sever plaintiff's nonremovable workers' compensation retaliation claim and to remand only that claim to state court for further proceedings.").

## III. Analysis

BOKF moves to sever and remand Count 6 of Ms. Farley's Complaint, arguing that it is a retaliation claim arising under Oklahoma's workers' compensation laws and, as such, the court should sever and remand it pursuant to § 1441(c)(2). [Doc. 3, pp. 2–3]. As noted, Ms. Farley did

not respond to BOKF's motion. Accordingly, the court deems the motion confessed pursuant to LCvR 7-1(e).[2]

Further, having reviewed the motion, the court concludes it should be granted. Ms. Farley does not identify a specific statute giving rise to her cause of action in Count 6. However, she labeled Count 6 "Worker's Compensation RETALIATION" and alleges the following: She filed a workers' compensation claim. [Doc. 2-1, p. 7, ¶ 84]. BOKF employees knew of the claim and "intentionally limited [her] career and denied her promotions." [*Id.* ¶¶ 85–86]. BOKF "knew or should have known that such employees were motivated by an intent to retaliate against [plaintiff][3] and allowed its employees to "limit [her] career because of her worker's compensation claim." [*Id.* ¶¶ 87–88].

Although Ms. Farley does not identify the statutory basis for her workers' compensation retaliation claim, her allegations are consistent with a claim pursuant to OKLA. STAT. tit. 85a, § 7. Section 7 of the Workers' Compensation Act provides that an employer cannot retaliate against an employee when the employee has filed a workers' compensation claim in good faith. OKLA. STAT. tit. 85a, § 7. In Count 6, Ms. Farley's allegations —that she filed a workers' compensation claim, BOKF knew of the claim, and retaliated against her for it—support a claim under section 7. [Doc.

---

[2] BOKF filed its motion to sever and remand on September 10, 2026. [Doc. 3]. Under LCvR 7-1(e), Ms. Farley had twenty-one days to respond. After that deadline lapsed, the court issued an Order: (1) instructing Ms. Farley to respond to the motion by October 29, 2026, and (2) informing her that, if no response was filed, the court would deem the motion confessed. [Doc. 12]; *see also* LCvR7-1(e) ("At the discretion of the Court, any non-dispositive motion which is not opposed within twenty-one days may be deemed confessed."). Because Ms. Farley did not respond, the motion is deemed confessed.

[3] In paragraph 87, Ms. Farley alleges that the retaliation occurred against "defendant." [Doc. 2, p. 7, ¶ 87]. The court infers that this was a typographical error, and Ms. Farley intended to allege retaliation against plaintiff.

2-1, p. 7, ¶¶ 84–89]. Thus, the court concludes that Count 6 of Ms. Farley's retaliation claim arises under Oklahoma's workers' compensation laws.

Because Count 6 arises under Oklahoma's workers' compensation laws, it is nonremovable under § 1445(c). Accordingly, pursuant to § 1445(c)(2), the court must sever and remand Count 6 to state court for further proceedings. 28 U.S.C. § 1441(c)(2); *Bivins,* 2012 WL 3136115, at *2. The court retains jurisdiction over Ms. Farley's other claims, as they fall within the court's original or supplemental jurisdiction. *Bivins,* 2012 WL 3136115, at *2 (severing and remanding workers' compensation retaliation claim and retaining claims within the court's original or supplemental jurisdiction).

## IV. Conclusion

WHEREFORE, the Motion to Sever and Remand [Doc. 3] of defendant BOKF, NA is granted. The Court Clerk shall remand Count 6 to the District Court in and for Tulsa County, Oklahoma. The court retains jurisdiction over plaintiff's remaining claims.

IT IS SO ORDERED this 5th day of November, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE